UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MIGUEL ZAPEDA SANCHEZ, on behalf of himself, FLSA Collective Plaintiffs and the Class | Plaintiff(s), | CIVIL ACTION NO.: 1:25 Civ. 632 (DEH)(SLC) |
| against | | **JOINT ELECTRONIC DISCOVERY SUBMISSION AND ORDER** |
| ARSH LANDMARK GENERAL CONSTRUCTION CORP., GARIB TANEJA, and MUHAMMAD SABIR | Defendant(s). | |

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Model Joint Submission and Proposed Order (and any subsequent to this) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Model Joint Submission and Proposed Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)    Brief Joint Statement Describing the Action:**

Plaintiff brings claims for (1) unpaid overtime premiums, (2) late payment of wages, (3) unpaid wages, (4) statutory penalties, (5) liquidated damages, (6) attorneys' fees and costs, and (7) Defendants' false filing to IRS and failure to pay employer taxes under FICA.

Revised February 24, 2020

    (a)    **Estimated amount of Plaintiff(s)' Claim(s):**

        ☐ Less than $100,000
        ☐ Between $100,000 and $999,999
        ☑ Between $1,000,000 and $49,999,999
        ☐ More than $50,000,000
        ☐ Equitable Relief
        ☐ Other (if so, specify) _____

    (b)    **Estimated amount of Defendant(s)' Counterclaim(s)/Cross-Claim(s):**

        ☐ Less than $100,000
        ☐ Between $100,000 and $999,999
        ☐ Between $1,000,000 and $49,999,999
        ☐ More than $50,000,000
        ☐ Equitable Relief
        ☑ Other (if so, specify) _N/A_____

**(2)**   **Competence**: Counsel certify that they are sufficiently knowledgeable in matters relating to their client(s)' technological systems to competently discuss issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**(3)**   **Meet and Confer**: Pursuant to Fed. R. Civ. P. 26(f), counsel **must** meet and confer regarding matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel now certify that they met and conferred to discuss these issues on <u>August 19, 2025.</u>

**(4)**   **Unresolved Issues**: After the meet-and-confer conference(s) taking place on the date(s) listed above, the following issues remain outstanding and/or require court intervention: ___ Preservation; ___ Search and Review; ☑ Source(s) of Production; ___ Form(s) of Production; ___ Identification or Logging of Privileged Material; ___ Inadvertent Production of Privileged Material; ___ Cost Allocation; and/or ___ Other. Please briefly describe any specific issues below:

Sources of production: Defendants are currently in the process of identifying specific custodians, other than the individual Defendants (including but not limited to names of individual foremen and management team members). Defendants advise there is no H.R. personnel at Defendants' business.

3

Revised February 24, 2020

To date, the parties have addressed the following issues:

**(5)** **<u>Preservation</u>:**

(a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc. To the extent that the parties have reached agreement as to preservation methods, provide details below:

Plaintiff(s):
The parties have discussed potential sources for discovery of electronic information, as well as data preservation. Defendants confirm they use text communications and email for business matters.

Defendant(s):
Agree with Plaintiff's statement.

(b) State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications:

The parties each have litigation holds in place.

4

Revised February 24, 2020

(c) The parties anticipate the need for judicial intervention concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored Information:

Not at this time.

**(6)** **Search and Review:**

(a) The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below:

Plaintiff(s):
Plaintiff proposes Defendants to conduct a search of their text and email systems -- including folders such as inbox, sent, drafts, deleted, and calendar, using the Boolean search terms set forth in Plaintiff's document requests for the proposed custodians (individual Defendants, foremen, and management team members, identification TBD) during the relevant time period. Defendants will then produce the hit report and e-discovery documents.

Defendant(s):
Defendants to review and search their records for information requested by the Plaintiff, in accordance with appropriate search terms.

5

    (b)    State if the parties anticipate the need for judicial intervention concerning the search and review of electronically stored information:

        Not at this time.

**(7)** **Production:**

    (a)    Source(s) of Electronically Stored Information: The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

        Plaintiff(s):

        Emails, word processing documents, spreadsheets, payroll databases, instant messages, training documents, time records, and text messages.

        Defendants advised during the meet and confer that they do not possess any time records or handbooks.

        Defendant(s):

        Agree with Plaintiff's statement.

Revised February 24, 2020

_____

_____

_____

(b) Limitations on Production: The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:

    Plaintiff(s):
    None at this time.

_____

_____

_____

_____

    Defendant(s):
    Agree with Plaintiff's statement.

_____

_____

_____

_____

(c) Form(s) of Production:

    (1) The parties have reached the following agreements as to the form(s) of productions:

    Plaintiff(s):
Providing party shall affix a unique identifying label to each piece of ESI identifying the sequence of the material in that production (e.g. "ARSH 000001-ARSH 000009"). Unless otherwise agreed upon, producing party shall produce electronic documents in searchable PDF files.

_____

_____

_____

_____

Defendant(s):

 Agree with Plaintiff's statement._____

_____

_____

_____

_____

(2)  Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

_____

 None at this time._____

_____

_____

_____

(3)  The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

 Not at this time._____

_____

_____

_____

_____

(d) Privileged Material:

    (1) Identification: The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

        Consistent with FRCP + Rules of Evidence + Local Rules, the parties may withhold any document under applicable privilege, and shall produce a log of such withheld documents consistent with FRCP 26(b)(5).

    (2) Inadvertent Production/Claw-Back Agreements: Pursuant to Fed R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to Fed. R. Evid. 502(d), etc.):

        If any party discloses or receives inadvertently privileged material, they shall notify the other party and receiving party shall cease review of that material.

    (3) The parties have discussed a 502(d) Order: Yes ____; No _X_

*The provisions of any such proposed Order shall be set forth in a separate document and presented to the Court for its consideration.*

(e) Cost of Production: The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored

information. The factors and components underlying these costs are estimated as follows:

(1) Costs:

Plaintiff(s):
Based on the information available, Plaintiff expects costs to be minimal.

Defendant(s):
Agree with Plaintiff's statement.

(2) Cost Allocation: The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

Absent Court Order, the respective costs of e-discovery shall be borne by each party.

   (3)  Cost Savings: The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

     No such agreement at this time.

  (f)  State if the parties anticipate the need for judicial intervention concerning the production of electronically stored information:

    Not at this time.

**(8) Other Issues:**

   None at this time.

Revised February 24, 2020

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: _____   By: _____

Party: _____   By: _____

Party: _____   By: _____

Party: _____   By: _____

Party: _____   By: _____

Party: _____   By: _____

The next scheduled meet-and-confer conference between the parties to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on:_____. The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for_____. Additional conferences, or written status reports, shall be set every four (4) weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by Letter-Motion at least 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

Additional Instructions or Orders, if any:

_____

_____

_____

_____

Revised February 24, 2020

Dated:     New York, New York
           September 3, 2025

                              SO ORDERED

                              _____
                              **SARAH L. CAVE**
                              **United States Magistrate Judge**